945 F.2d 234
 139 L.R.R.M. (BNA) 2220, 120 Lab.Cas. P 11,114
 Sue A. DOLSKY and Nebraska Nurses Association, Local No. 1,
an Unincorporated Association, Appellants,
v.
BRYAN MEMORIAL HOSPITAL, a Nebraska Corporation; and Blue
Cross and Shield of Nebraska, a Nebraska
Corporation, Appellees.
 No. 90-1924.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 8, 1991.
Decided Jan. 23, 1991.
 
 Appeal from the United States District Court for the District of Nebraska; David A. Piester, United States Magistrate Judge.
 Robert R. Gibson, Lincoln, Neb., for appellants.
 Geoffrey V. Pohl, argued, for Blue Cross and Blue Shield; John F. Thomas, Omaha, Neb., on brief.
 William A. Harding, Lincoln, Neb., for Bryan Memorial Hosp.
 Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and SACHS,* District Judge.
 PER CURIAM.
 
 
 1
 This appeal involves a contract dispute between Defendant Bryan Memorial Hospital and Plaintiff Nebraska Nurses Association, Local No. 1, the collective bargaining unit representing nurses employed by the hospital. At issue is Article X, § 7 of the 1988 collective bargaining agreement between the hospital and the union acknowledging that health insurance benefits, which were provided on a calendar year basis, would change on January 1, 1989, midway through the life of the agreement. The union argues that the hospital breached this provision when it unilaterally negotiated its 1989 annual insurance policy with Defendant Blue Cross and Blue Shield of Nebraska. The new policy allowed Blue Cross to increase its premium rates for the nurses' health insurance during the last five months of 1989, a period outside the 1988 collective bargaining agreement, which expired on July 16, 1989. The union learned of the premium increases when it began negotiations with the hospital toward the 1989 collective bargaining agreement.
 
 
 2
 Originally filed in the Nebraska state court, the union's contract action against the hospital and Blue Cross was subsequently removed to the District Court.[1] In its amended complaint, the union alleged (1) that the hospital had breached its 1988 collective bargaining agreement, (2) that Blue Cross had conspired with the hospital to interfere with the union's representation of the nurses, and (3) that the 1989 collective bargaining agreement with the hospital had been reached as a result of economic duress. The hospital filed a motion to dismiss and for summary judgment arguing that the court lacked subject matter jurisdiction, that the contract provision it was accused of breaching obligated neither party to do anything, and that the 1989 agreement superseded and barred suit on the 1988 agreement. In its motion to dismiss, Blue Cross argued that the amended complaint failed to state a claim against the insurer as it was not a party to the contract between the hospital and the union and that the court lacked subject matter jurisdiction.
 
 
 3
 Characterizing the case as a contract dispute rather than an unfair labor practice (a matter in which the National Labor Relations Board would have primary jurisdiction), the trial court ruled that it did have subject matter jurisdiction. With respect to the validity of the 1989 collective bargaining agreement, the court found it unnecessary to decide whether the 1989 agreement was a result of economic duress or barred suit for breach of the 1988 agreement. The court reasoned that finding the 1989 agreement invalid would be "of no avail in the absence of success of [the union's] primary claim; i.e., does Article X, § 7 of the 1988 agreement require the then-existing health insurance rates to continue?" Memorandum and Order, p. 4. Concluding that there was nothing in the language of the provision requiring either party to do anything, the court granted the hospital's motion for summary judgment. As to the conspiracy allegations, the court decided that while "these allegations might raise the issue of an 'unfair labor practice' against Bryan Hospital, [they] do not state a claim against Blue Cross, a stranger to the contract between the hospital and the union." Memorandum and Order, pp. 5-6. The Court therefore dismissed the union's complaint as to Blue Cross.
 
 
 4
 The union appeals the order of the trial court granting summary judgment for Bryan Hospital and dismissing the complaint as to Blue Cross. Having considered all the issues raised in this appeal, we conclude that no error of law appears and that a published opinion would lack significant precedential value. Accordingly, the order of the trial court is AFFIRMED. See 8th Cir.R. 47B.
 
 
 
 *
 The HONORABLE HOWARD F. SACHS, Chief Judge, United States District Court for the Western District of Missouri, sitting by designation
 
 
 [1]
 The Honorable David A. Piester, United States Magistrate Judge for the District of Nebraska